## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

**JOSIAH BOYD,**

        **Petitioner,**

          **v.**                     **No. 2:21 CV 309**

**WARDEN,**

        **Respondent.**

### OPINION and ORDER

Josiah Boyd, a prisoner without a lawyer, filed a habeas petition challenging his lifetime parole obligation, which was imposed as a result of his classification as a sexually violent predator. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the petition, Boyd argues he is entitled to habeas relief because he was not convicted of an offense that would subject him to lifetime parole under Indiana law. The statute of limitations for habeas corpus cases is set forth in 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Viewing the petition in the light most favorable to Boyd, the limitations period began to run pursuant to 28 U.S.C. § 2244(d)(1)(D) when Boyd received correspondence advising him of his lifetime parole obligation on June 1, 2017. (DE # 1-1 at 1.) The federal limitations period expired one year later on June 1, 2018. As a result, when Boyd filed this habeas petition on September 1, 2021, he was more than three years too late, and the petition is untimely.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for

finding that reasonable jurists would debate the correctness of this procedural ruling. Therefore, there is no basis for encouraging Boyd to proceed further, and a certificate of appealability is denied.

For these reasons, the court:

(1) **DISMISSES** the habeas petition (DE # 1) because it is untimely;

(2) **DENIES** Josiah Boyd a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) **DIRECTS** the Clerk to close this case.

**SO ORDERED.**

Date: October 25, 2021

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT